## Eby v. Sun Pipe Line Co.

*Robert N. St. Mary* and *Thomas J. Calnan, Jr.*, for plaintiffs.

*David E. Mellenberg*, for defendant.

KOCH, J., March 8, 1960.—Plaintiffs, owners and occupants of real estate situate in Salisbury and Lower Macungie Townships, sued in trespass. They aver that defendant, in the operation of a pipeline, negligently, willfully and wantonly permitted gasoline to permeate their land resulting in various damages.

Defendant has filed preliminary objections for a more specific complaint regarding various paragraphs of the complaint.

The first of the paragraphs under attack is paragraph 8, which is as follows:

"8. The gasoline deposited on Plaintiffs' land as aforesaid was a malicious, wilful and wanton act on the part of the Defendant inasmuch as the Defendant knew or should have known that the subject pipe line was leaking a long time prior to July 21, 1958, however, the said Defendant carelessly, negligently, wilfully and maliciously refrained from repairing the said leak so as to prevent the deposit of gasoline onto Plaintiffs' land."

Defendant maintains that it is unable to determine from the complaint what theory is advanced for recovery for the reason that a previous paragraph (5) avers that defendant is engaged in an ultrahazardous activity while paragraph 8 avers negligent and willful conduct.

Pa. R. C. P. 1020 (c) permits causes of action to be pleaded in the alternative and, if properly pleaded, plaintiffs cannot be required to elect upon which theory the claim rests. Defendant's insistence that a theory be selected would defeat the purpose of alternative pleading: Dooley v. Pennsylvania Railroad Co., 64 D. &

C. 110; 2 Anderson, Pa. Civ. Pract., p. 407. Paragraph 8 is pleaded in the alternative but in its present form violates the rule that in pleading more than one cause of action, each must be set forth as separate counts: Berlo Vending Co. v. C. A. Wagner, 13 Fayette 136; Vacca v. Genel, 42 Del. Co. 292; 2 Anderson, Pa. Civ. Pract., p. 202 (pocket parts). Defendant is entitled to have specific averments charging negligent conduct and, if the acts were willful and malicious, the details thereof.

We cannot agree with defendant that a more specific complaint should be required with respect to paragraph 12, which is as follows:

"12. That because of the odor, contaminated water and danger of explosion caused by the deposit of gasoline upon Plaintiffs' premises, the Plaintiffs suffered mental and physical pain, anguish and shock, all to their damage in the sum of Five Thousand Dollars ($5,000.00)."

We find no difficulty in arriving at the conclusion that the above paragraph avers general damages and consequently may be pleaded generally. A general statement of the principle is set forth in 3 Standard Pa. Practice, §49, p. 169, as follows:

"General Damages.—It is fundamental that general damages—that is, damages such as necessarily result from the injury complained of—which are the ordinary, usual, or natural consequences of the wrong done—are not required to be specially pleaded; averment of the facts showing the wrong done, together with a general averment of the resulting damage, is sufficient to authorize the recovery of such damages as would naturally follow from the act complained of. The law presumes damages which are the necessary and proximate consequence of the act complained of to

have resulted from that act, so that the defendant cannot be taken by surprise in the proof of such damages."

Any additional details concerning this phase of the alleged damages may be obtained by resort to discovery.

Defendant also objects to paragraph 13 which claims punitive damages in the amount of $5,000. The contention is that there is no itemization of such damages and that the complaint does not set forth willful, wanton or reckless acts on the part of defendant. Here, too, no itemization is required: 3 Standard Pa. Practice, §187, p. 459. Since we shall require plaintiff to amend his complaint with respect to paragraph 8, it is appropriate to call attention to the fact that it is essential, in order that defendant be advised of what it has to meet, that all of the elements that make up the basis for such a claim be averred.

Paragraph 14 of plaintiffs' complaint is as follows:

"14. Because of defendant's invasion of Plaintiffs' property rights or negligence as aforesaid Plaintiffs were damaged in the amount of Two Thousand Dollars ($2,000.00) covering the following items:

"(a)  Purchase and hauling of water
"(b)  Testing, purification and analysis of water
"(c)  Loss of plants, shrubs, trees and lawn
"(d)  Drilling of new well."

The objection to this allegation is that the items are special damages and violate the rule against "lumping." It is obvious that paragraph 14 does not meet the requirement of Pa. R. C. P. 1019($f$) which requires that such items "be specifically stated": Bentz v. Knecht (No. 1), 26 Lehigh 267.

### Order

Now, March 8, 1960, defendant's preliminary objections 1 and 4 are sustained and it is ordered that

194

plaintiffs file a more specific complaint in accordance with this opinion, within 20 days after service of this order upon their counsel.